# Wheeling.

WILLIAM H. EDWARDS *vs.* WILLIAM E. CHILTON *et al.*

January Term, 1870.

1. An agreement is entered into between the heirs of a deceased party, to partition lands, which is accordingly done, and one of them enters into possession of his portion, but no deed of partition is made. HELD:

That a continuous actual possession for a period of twenty years, will perfect his title against the other heirs.

2. Where a period of more than twenty years has elapsed since the executing of a deed of trust upon real estate, before a bill filed by a subsequent vendee deriving title from the party executing the trust, enjoining the collection of purchase money on the ground of defect in a title, it must be presumed that the debt secured by the trust deed has been paid; especially where it is not alleged in the bill that it is claimed to be unpaid, or that the creditor threatens to cause the land to be sold under the trust.

3. C. sold to E. a tract of land. C. subsequently bought an outstanding title claimed to be older than that which he sold to E., from P. and C. On a bill of injunction filed by E., to enjoin payment of purchase money to C. on the ground of defect in title; it is, among other defects, alleged that the title is imperfect, because there was a failure to procure the relinquishment of dower of Mrs. P. and Mrs. C., wives of the vendors of the outstanding title. HELD:

I. That inasmuch as it was not averred in the bill that either P. or C. had a wife who was entitled to dower in the land, the objection is unavailing.

II. That a continuous actual possession of one of the grantors of C. for more than twenty years, would bar the outstanding title, though it may have been originally the better title.

This cause arose in Kanawha county. The bill was filed in April, 1868.

William H. Edwards and F. A. Lovell and others, pur-

chased of William E. Chilton a tract of land, situate in Wirt county, in 1865, for a large sum of money, and made several large payments thereon. The title deed was made solely to Lovell, and he alone gave a trust deed on the land to secure the unpaid purchase money, but Edwards and others were jointly interested with Lovell in the purchase, and Edwards was bound with Lovell on the notes for the deferred instalments of the purchase money. Chilton had the land advertised for sale, under the trust deed executed by Lovell, in May, 1866, and the sale thereof was enjoined by Lovell, on account of a deficiency in the quantity of land, and also because of defects in title discovered by Lovell. Chilton, before Lovell's bill came on to be heard in the circuit court, removed the defects of title discovered by Lovell, and also some other defects known to Chilton, but not known to Lovell, and the circuit court thereupon dissolved Lovell's injunction. From the decree dissolving the injunction Lovell appealed to this court, and the decree of the circuit court was affirmed. Chilton thereupon again had the land advertised for sale in April, 1868, and Edwards having discovered, since the decision of the suit of. Lovell, other and various supposed defects in Chilton's title, not known at the time of the pending of Lovell's suit, and not removed by Chilton, enjoined the last named sale, which injunction was dissolved by the circuit court, by decree rendered December 11th, 1868, which is the decree complained of now.

The grounds of error assigned are concisely stated by Judge Maxwell in his opinion, and present a sufficient statement of the matters at issue.

Hon. James W. Hoge, judge of the circuit court of Kanawha county, presided on the hearing of the cause.

*B. H. Smith* for the appellant.
*N. Richardson* for the appellees.

MAXWELL, J. The first ground of error assigned is, that Chilton's title to the land in controversy was fatally defec-

tive, because of the absence of any partition deed between the heirs of William Cobb, deceased. An agreement in writing was entered into on the 20th of April, 1844, by the heirs of the said William Cobb, deceased, to partition among them.certain of the lands owned by him at the time of his decease, in pursuance of which agreement a deputy surveyor of the county in which the land was situated, made a plat and report dividing the land between them, according to the agreement. A certain lot of 706 acres was, by the said report, laid off to Alexander Cobb, who was one of the heirs, and from whom Chilton derived title. The proof in the cause shows, that immediately after the said partition was made, the said Alexander Cobb took actual possession of the land allotted to him, and has held the same, by himself and those claiming under him, to the time of the sale by Chilton to the complainant, and although no deed of partition appears to have been made between the said heirs, yet the continuous possession so held is sufficient to perfect his title against the other heirs. *The Piedmont Coal and Iron Co.* v. *Green*, 3 W. Va. Rep., 54. The bill does not even charge that the other heirs, or any of them, set up any claim to the said land. There can be nothing then in the first assignment of error.

The second ground assigned as error is that, the title of said Chilton to said land was fatally defective, because of the conveyance of the land by Alexander Cobb to A. W. Quarrier as trustee, prior to his conveyance to the grantors of said Chilton. It appears that Alexander Cobb, by deed of trust bearing date on the 6th day of September, 1841, conveyed certain lands in the said deed described to Quarrier, to secure to Atkinson the payment of a debt then due by judgment for 133 dollars and 98 cents, with interest. It was more than twenty years after this deed of trust was executed before the bill was filed by the complainant, and it must be presumed that after such length of time the debt secured by it had been paid, especially as it is not charged in the bill that it is claimed to be unpaid, or that the credi-

tor threatens to cause the land to be sold under the trust.

The third cause assigned as error is that, the title of Chilton to said land was defective, because of his failure to procure the relinquishment of dower of Mrs. Polsley and Mrs. Connell. It is averred in the bill that the land sold is covered by a title older than the Cobb title, called the Smith title, and that Polsley and Connell claimed that title and conveyed such title as they had to said Chilton. There are at least two good and sufficient answers to this objection, the first of which is, it is not averred that either Polsley or Connell has a wife who is entitled to dower in the land; and the second is, that the continuous possession under the Cobb title would bar the Smith title, though it may have been originally the better title.

The fourth and last cause assigned as error is that, the court erred in not rescinding the contract of purchase from Chilton, after so many and so glaring defects of title were made apparent, and so many delays on Chilton's part in perfecting the same. This assignment of error is founded upon the supposition that the other causes assigned as errors exist, and must consequently fail with them.

The decree complained of will have to be affirmed, with damages and costs to the appellees.

The other judges concurred.

DECREE AFFIRMED.